THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT CUNNINGHAM, Defendant-Appellant.

(No. 11664;

Fourth District—April 6, 1972.

Morton Zwick, Director of Defender Project, of Chicago, (Frederick Cohn, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield and John E. Grosboll, State's Attorney, of Petersburg, (Thomas J. Immel and Robert E. Davison, Assistants Attorneys General, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On February 4, 1970, the defendant filed a *pro se* petition for post-conviction relief from his 1969 conviction for forgery. He requested appointment of counsel. The trial court appointed counsel and a motion to dismiss the petition was filed by the State's Attorney asserting pleading deficiencies in the petition. Although the petitioner had counsel he filed, again *pro se*, a paper captioned "motion in opposition to the motion to dismiss". On May 1, 1970, without an evidentiary hearing, but after argument of counsel, the trial court granted the motion to dismiss and granted leave to the petitioner to file an amended petition on or before May 29, 1970. Petitioner again *pro se* filed a notice of appeal to the Illinois Supreme Court from the order of dismissal. Such notice was filed May 25, 1970. That court transferred the case to this court.

This record reveals that on June 1, 1970, counsel previously appointed by the court filed a motion to be discharged reciting the above and further asserting that the petitioner was not cooperative. The motion suggested appointment of other counsel for the appeal or for "further

proceedings herein". No amended petition for post-conviction relief was filed by court appointed counsel.

On June 1, 1970, the trial court appointed the Illinois Defender Project to represent the petitioner on the appeal. The briefs of the parties relate to an issue of whether the defendant was denied a fair trial and thus entitled to post-conviction relief in that he did not intelligently and understandingly waive his right to appointed counsel at the time of his conviction for forgery. While we consider the tendered issue to be a substantive one, this record does not reflect a definitive and appealable ruling thereon by the trial court. In short, we find no final appealable order in this record.

Section 122—7, ch. 38, Ill. Rev. Stat. 1969, provides for review of any final judgment entered upon a post-conviction petition. Post-conviction proceedings are civil in nature. In this case, the notice of appeal was filed seeking to appeal an order that did dismiss the petition but simultaneously granted leave to petitioner to file an amended petition. Although this was not done, our examination of this record does not establish a ruling by the trial court upon the substantive issues. Thus, we are compelled to dismiss this appeal and remand the cause to the circuit court.

Appeal dismissed, cause remanded.

TRAPP, P. J., and SIMKINS, J., concur.